Dear Mr. Rasch:
This office is in receipt of your request for an opinion of the Attorney General in regard to sales taxation on funeral homes for interments in St. Helena Parish. You state that the St. Helena Parish Police Jury passed a resolution requiring the St. Helena Parish Sheriff's office to collect all sales taxes, and notified all funeral homes that sales tax were due for burials within the parish. You indicate you can understand taxes on any sales transaction, but not from a funeral home contracted by the family outside of the Parish and that has merely interred the body within a cemetery in St. Helena Parish. However, in support of the taxation you were provided with a copy of Atty. Gen. Op. No. 89-188. Accordingly, you request this opinion be reviewed, and that you be advised whether St. Helena Parish Police Jury has the power to impose the collection of sales taxes simply because a body will be interred within that parish.
You take the position that a contract with a funeral home to provide a funeral service is not the burial of the deceased alone. You state as follows:
 Funeral services include the professional services of the licensed embalmer and funeral director together with their staff and are usually provided at the funeral home location. The funeral service itself normally begins at the funeral home or at the facility where the wake or funeral service is to be conducted.
You maintain, if the only service or event which takes place within St. Helena Parish is the burial of the deceased, there are no taxes due for having provided goods and services outside of that parish on a contract entered into between the consumer and the funeral home outside of St. Helena Parish as well.
In Atty. Gen. Op. No. 89-188 this office was asked whether sales tax for funeral expense is "that of the domicile of the deceased, where the deceased is buried or where the services were contracted." Noting that R.S. 33:2716 prohibits a parish from collecting any sales tax on sale of goods or services performed outside the territorial limits of the taxing parish, it was found it was necessary to determine where the actual services are to be performed. It was observed, "If the actual performance of these services is the burial of the deceased, then the sales tax of the parish where the burial took place should be applied." It was concluded, "The fulfillment of the contract for services in this instance would be the actual burial. Therefore, the sales tax to be charged to the families of the deceased individuals would be the tax of the parish where the actual performance (burial) took place."
We feel this opinion failed to consider that the contract with the funeral home entailed more than the interment in another parish. This was recognized in Atty. Gen. Op. No. 77-1497. The facts in that inquiry were similar to that presented herein insofar as the body was embalmed, waked and customary services rendered in the funeral home in Rapides Parish and the body than taken by a hearse owned by the funeral home conducting the services to a graveside in Grant Parish. The grave was opened and closed by personnel of the owner of the cemetery in Grant Parish, and the body buried in that grave. At that time this office found that "services" of funeral homes were not taxable under sales and use tax, whereas tangible personal property sold or used were. While it was found that services of a funeral home as involved in Rapides Parish were not taxable under R.S. 47:301(14), it was concluded that the "sale" of the coffin and various items of personal property used by the funeral home in handling the body were subject to its sales or use tax as having been sold and delivered or used at the funeral home even though the actual interment was elsewhere.
We feel the logic of the latter opinion should be followed. The personal property sold for services used by a funeral home in one Parish pursuant to a contract entered into there cannot be taxed by another parish simply because the interment subsequently occurs in that Parish. We feel the burial is just one aspect of the service of the funeral home, and the contract and majority of the service in the situation in question is not in the parish of the burial. More significant, the tax is for the tangible property in connection with the funeral service. In this regard the conclusion of Atty. Gen. Op. No. 89-188 should be modified, and the tax rate for the parish where the goods for the embalming and services were rendered, except any connected with the opening and closing of the grave, should apply.
Accordingly, we do not find the parish where the interment takes place can collect a sales tax for matters contracted for and rendered in another parish in accordance with the prohibition in R.S. 33:2716 that provides "no parish or municipality shall levy or collect any sales tax on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the taxing parish or municipality."
We hope this sufficiently answers your inquiry, but, if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR